REFUSE FUELS, INC.,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Northbrook Excess and Surplus Company, Federal Insurance Company.

Civ. A. No. 87–1750–MA.

United States District Court, D. Massachusetts.

Dec. 18, 1991.

John A.D. Gilmore, Gael Mahony, Hill & Barlow, Boston, Mass., Sidney Dickstein, Richard J. Leveridge, Leslie R. Cohen, Dickstein, Shapiro & Morin, Washington, D.C., for plaintiff.

Michael J. Stone, Erik Lund, Posternak, Blankstein & Lund, Boston, Mass., Stuart Cotton, John Mezzacappa, Mound, Cotton & Wollan, New York City, Michael DeMarco, Peter Kober, Murphy, DeMarco & O'Neill, Boston, Mass., for defendants.

MEMORANDUM AND ORDER ON MOTION TO STRIKE THE SECOND AFFIRMATIVE DEFENSE AND COUNTERCLAIM ATTEMPTED TO BE ASSERTED BY NATIONAL UNION AND FEDERAL AND THE THIRD, FIFTH AND SEVENTH AFFIRMATIVE DEFENSES AND COUNTERCLAIM ATTEMPTED TO BE ASSERTED BY NORTHBROOK (# 226)

ROBERT B. COLLINGS, United States Magistrate Judge.

The plaintiff commenced this suit in July, 1987 to recover on an insurance policy issued by the defendant, National Union Insurance Company of Pittsburgh, PA. (hereinafter, "National Union"). National Union responded to the Complaint in an Answer; no counterclaims were asserted. In December, 1987, plaintiffs were granted leave to file a "First Amended and Supplemental Complaint" in which Northbrook Excess and Surplus Company (hereinafter, "Northbrook") and Federal Insurance Company (hereinafter "Federal") were added as defendants. National Union was the primary insurer; Northbrook and Federal were excess insurers. In their responsive pleadings, neither Northbrook nor Federal asserted any counterclaims.

On September 1, 1989, the plaintiffs filed "Plaintiffs' Motion For Leave To Amend The First Amended and Supplemental Complaint" (# 208). The first paragraph of the motion read:

> [Plaintiffs] hereby move this Court, *pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,* for an Order granting plaintiffs leave to amend the First Amended and Supplemental Complaint filed on December 11, 1987 in the above-captioned action.

Emphasis supplied.

The motion was opposed; the Court, after hearing, granted the motion on October 11, 1989.

On November 1, 1989, National Union, Northbrook and Federal served their answers. Each added a new defense alleging that plaintiffs knowingly and wilfully filed false and overstated proofs of loss thereby defeating their right to recover. Northbrook also asserted two additional defenses, i.e., that plaintiffs' claims are barred because they violated M.G.L.A. Chapter 93A, §§ 2 and 11 and by the doctrine of unclean hands. In addition, all three defendants asserted a counterclaim alleging that the submission of the allegedly false proofs of loss was a violation of Chapter 93A which prohibits "unfair and deceptive acts" and may result in an award of treble damages and attorneys' fees.

Plaintiffs moved to strike these affirmative defenses and the counterclaims because they were filed without leave of Court. Plaintiffs assert that:

> While styled an amended complaint, plaintiffs sought to add only matters occurring after the filing of the First Amended and Supplemental Complaint. In it, plaintiffs added Chapter 93A claims

against Northbrook and Federal and more specifically asserted the right to recovery for losses sustained through September 30, 1988. It also contained other minor changes, such as acknowledging National Union's payment of $2,250,000 on its primary policy which occurred after plaintiffs' previous pleading, and substituting Allstate Insurance Company as successor to Northbrook. No new claims were asserted against National Union because the First Amended and Supplemental Complaint already asserted a Chapter 93A claim against it. Memorandum, Etc. (# 227).

Defendants claim that no leave to file counterclaims is needed when a pleading is amended pursuant to Rule 15(a), Fed. R.Civ.P.

■ If plaintiffs' motion for leave to amend the First Amended and Supplemental Complaint (# 208) was made pursuant to Rule 15(a), Fed.R.Civ.P., as is stated on the face of the pleading, the defendants did not need leave to serve new counterclaims and to assert new defenses. *Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.*, 50 F.R.D. 415, 419 (D.Del., 1970). If the motion for leave to amend is, in essence, a motion for leave to file a further supplemental complaint pursuant to Rule 15(d), Fed.R.Civ.P., no new counterclaims or affirmative defenses would be permitted unless they were in response to those portions of the pleadings which were supplemented. *Chrysler Corporation v. Fedders Corporation*, 540 F.Supp. 706, 713 (S.D.N.Y., 1982).

■ If the motion for leave to amend was, in essence, a motion for leave to file a supplemental pleading under Rule 15(d), Fed.R.Civ.P., the defendants could still seek leave to serve new counterclaims pursuant to Rule 13(f), Fed.R.Civ.P., which provides:

> When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, *or when justice so requires,* the pleader may by leave of court set up the counterclaim by amendment.

Emphasis supplied.

Thus, the Court could grant the defendants leave to "set up" their counterclaims "when justice so requires" regardless of the rule by which plaintiffs attempted to amend and/or supplement their pleading, or, in fact, regardless of whether the plaintiffs sought to amend or supplement their pleadings at all. *Owens–Illinois, Inc. v. Lake Shore Land Co., Inc.*, 610 F.2d 1185, 1188 (3 Cir., 1979).

■ Plaintiffs contend that the new counterclaims do not fall within the parameters of Rule 13(g), Fed.R.Civ.P., because they were known by the defendants at the time they filed their responsive pleadings to the First Amended and Supplemental Complaint in December, 1987. It appears that the counterclaims arise from the fact that the plaintiffs had given the defendants the benefit of certain credits in an original proof of loss submitted in February, 1987, eliminated a substantial part of the credits in an amended and supplemental proof of loss in October, 1987, and then restored a portion of the credits in July, 1989 when answering interrogatories. While the defendants may have known in December, 1987 that the plaintiffs had included some credits in one proof of loss and omitted a substantial portion of them in a second, they had no reason to believe that the plaintiffs would restore a portion of the credits in interrogatory answers in July, 1989. Further, until discovery conducted after July, 1989, it does not appear that the defendants had evidence as to whether there was a good-faith reason for the plaintiffs' actions or, put another way, whether the plaintiffs' actions were "unfair" and/or "deceptive" within the meaning of Chapter 93A.

When an argument is made that a claim should have been brought at an earlier point in time, it must be borne in mind that any such claims cannot be brought unless the standards of Rule 11, Fed.R.Civ.P., are met. There is no question that any assertion of an affirmative defense or a counterclaim under Chapter 93A would be subject to the provisions of that rule. In these circumstances, it seems unreasonable to

second-guess the judgment of defendants' counsel that they did not have a sufficient basis to assert the affirmative defenses or the counterclaims until after some discovery which occurred after the time within which the counterclaims could have been asserted in response to earlier pleadings.

I note that in the instant case, there does not seem to be any dispute that the counterclaims sought to be added are "... either compulsory or at least appropriate permissible counterclaims." *Chrysler Corporation v. Fedders Corporation, supra,* 540 F.Supp. at 713. I also take into account the defendants' assertion that the counterclaims and affirmative defenses which have been added will not require any additional discovery. *See* # 230 at pp. 10–11.

In sum, I decide the case on the basis of the considerable discretion I have in determining whether to allow additional counterclaims under Rule 13(f), Fed.R.Civ.P. *Chrysler Corporation v. Fedders Corporation, supra,* 540 F.Supp. at 714–5. I rule that if the defendants were not permitted to set up the counterclaims as of right in response to a pleading amended pursuant to Rule 15(a), Fed.R.Civ.P., they are hereby granted leave *nunc pro tunc* to file and serve the new counterclaims and affirmative defenses pursuant to Rules 13(g), Fed.R.Civ.P. I rule further that if the defendants were not permitted to set up the additional affirmative defenses as of right in response to a pleading amended pursuant to Rule 15(a), Fed.R.Civ.P., they are hereby granted leave *nunc pro tunc* to file and serve the new counterclaims and affirmative defenses pursuant to that portion of Rule 15(a), Fed.R.Civ.P., which permits the Court to grant leave to amend a pleading if the amendment is not permitted as of right.

Accordingly, after hearing, it is ORDERED that the Motion To Strike The Second Affirmative Defense And Counterclaim Attempted To Be Asserted By National Union And Federal And The Third, Fifth And Seventh Affirmative Defenses and Counterclaim Attempted To Be Asserted By Northbrook (# 226) be, and the same hereby is, DENIED.